ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Randy S. Lang and all others similarly situated, Plaintiffs, vs. Town & Country Credit, Defendant. | Court File No. OO-CV-243 MJD/JGL **ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND CERTIFICATION OF TEMPORARY SETTLEMENT CLASS** |

WHEREAS, a class action is pending before the Court bearing the shortened title Randy S. Lang and all others similarly situated v. Town & Country Credit, Court File No. 00-CV-243 MJD/JGL (the "Class Action"); and

WHEREAS, the parties have applied to the Court for an Order preliminarily approving the settlement of the Class Action in accordance with the Settlement Agreement and Release entered into by and between the parties and dated as of July 28, 2000 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Class Action (the "Class Action Settlement") and for dismissal of the Class Action with prejudice as against Defendant upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

NOW, THEREFORE, it is hereby ORDERED:

AUG 03 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. This Order hereby incorporates by reference the definitions set forth in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court hereby certifies for settlement purposes the Settlement Class defined in the Settlement Agreement.

3. The Court hereby preliminarily approves the Settlement Agreement and the terms set forth therein as being fair, reasonable, adequate and in the best interests of the Settlement Class.

4. A fairness hearing (the "Fairness Hearing") shall be held on Thursday November 2, 2000, at 9:00 a.m. before the Honorable Michael J. Davis at the United States District Court for the District of Minnesota, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for the purpose of (1) determining whether the proposed Settlement Agreement should be given final approval by the Court as fair, reasonable and adequate; (2) determining the amount of attorneys' fees and costs that should be awarded to Plaintiffs' counsel; (3) ordering entry of Judgment on the Settled Claims, which constitutes a release and bar of the assertion of all Settled Claims; and (4) advising Settlement Class members that, in addition to the entry of Judgment, a receipt by them of benefits from the Settlement Fund also evidences and constitutes a full and final release of all Settled Claims.

5. The Court hereby approves, as to form and content, the Notice of Proposed Class Action Settlement (the "Notice"), the Claim Form (the "Claim Form"), and the

Proposed Schedule of Class Settlement Dates (the "Class Settlement Schedule"), annexed to the Settlement Agreement and attached hereto as Exhibits 1, 2, and 4, respectively. The Court finds that the distribution of the Notice and the Claim Form by First Class Mail, as set forth in the Settlement Agreement, provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to all members of the Settlement Class.

6. Defendant Town & Country Credit ("Town & Country") is hereby empowered to supervise and administer the Notice procedure to the Settlement Class, as set forth below:

A. Town & Country shall mail or cause to be mailed copies of the Notice and the Claim Form, attached hereto as Exhibits 1 and 2, to all identified members of the Settlement Class at their last address known to Town & Country, as set forth in the Settlement Agreement;

B. At or prior to the Fairness Hearing provided for in paragraph 4 of this Order, Town & Country shall serve and file with the Court proof of affidavit of such mailing.

7. Settlement Class members may request exclusion from the Settlement Class by writing a letter so stating to Hart L. Robinovitch, Zimmerman Reed, P.L.L.P., Suite 100, 901 North Third Street, Minneapolis, MN 55401, and James K. Langdon II, Dorsey & Whitney LLP, 220 South Sixth Street, Minneapolis, MN 55402-1498. The letter must be postmarked no later than October 12, 2000, and must be signed by all

persons to whom this notice is addressed or on their behalf by an authorized agent. Any Settlement Class member who submits a valid and timely request for exclusion will not be entitled to share in the proceeds of the Class Action settlement and will not be bound by the Settlement Agreement or Judgment.

8. Any Settlement Class member who has not requested exclusion from the Settlement Class may appear at the Fairness Hearing to show cause why the proposed Class Action Settlement should not be approved, why the Class Action should not be dismissed on the merits with prejudice as against the Settlement Class, and to present any opposition to the application of Plaintiffs' counsel for attorneys' fees and costs. In order to object to the proposed Class Action Settlement, the Settlement Class member must file notice of his or her intention to appear and written objections with the Clerk of the Court on or before Thurs., October 12, 2000, and concurrently serve such notice and objections on counsel to the parties to the Settlement Agreement:

Plaintiffs' counsel:

Hart L. Robinovitch, Esq.
Zimmerman Reed, P.L.L.P.
Suite 100
901 North Third Street
Minneapolis, MN 55401

Defendant's Counsel:

James K. Langdon II, Esq.
Dorsey & Whitney LLP
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498

Any member of the Settlement Class who does not make an objection in the manner provided for herein shall be deemed to have waived such objection and shall

forever be foreclosed from making any objection to the fairness or adequacy of the proposed Class Action Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and costs to Plaintiffs' counsel, unless otherwise ordered by the Court.

9. Upon entry of Judgment by the Court in accordancc with this proposed Class Action Settlement, all Settlement Class members, whether or not they file a Claim Form, shall be barred from asserting any Settled Claims, as defined in the Settlement Agreement, against the Released Parties, as defined in the Settlement Agreement, and any such Settlement Class member shall be conclusively deemed to have released any and all such Settled Claims against the Released Parties. In addition to the entry of Judgment, a receipt by members of the Settlement Class of benefits from the Settlement Fund also evidences and constitutes a full and final release of all Settled Claims.

10. All papers in support of the Settlement and any application for reimbursement of attorneys' fees and costs shall be filed at least seven (7) days prior to the Fairness Hearing.

11. All reasonable costs incurred in identifying and notifying class members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. All unclaimed monies from the Settlement Fund shall be retained by Town & Country.

12. The Court reserves the right to adjourn the date of the Fairness Hearing and any adjournment thereof without further notice to the members of the Settlement Class

and retains jurisdiction to consider all further applications arising out of or connected with the proposed Class Action Settlement.

13. Pending final determination as to whether the Settlement Agreement should be approved, Plaintiff and all members of the Settlement Class, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Class Action, shall not institute or prosecute any claims against Town & Country as defined in the Settlement Agreement, which have been or could have been asserted in the Class Action based upon the acts and transactions alleged therein, including the Settled Claims.

IT IS SO ORDERED.

BY THE COURT:

DATED: 8 · 2, 2000

Michael J. Davis
United States District Judge