UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Randy S. Lang and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Town & Country Credit,<br><br>Defendant. | ) | Court File No. OO-CV-243 MJD/JGL<br><br>**ORDER APPROVING CLASS SETTLEMENT AND GRANTING CLASS CERTIFICATION** |

WHEREAS, a class action is pending before the Court bearing the shortened title Randy S. Lang and all others similarly situated v. Town & Country Credit, Court File No. 00-CV-243 MJD/JGL (the "Class Action"); and

WHEREAS, on July 28, 2000 the parties applied to the Court for an Order preliminarily approving the settlement of the Class Action in accordance with the Settlement Agreement and Release entered into by and between the parties and dated as of July 28, 2000 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Class Action (the "Class Action Settlement") and for dismissal of the Class Action with prejudice as against Defendant upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

WHEREAS, on August 12, 2000, the Court entered an order granting preliminary approval to the settlement of the Class Action in accordance with the Settlement Agreement and Release;

FILED NOV 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, on August 23, 2000, the Court entered an Amended Order granting preliminary approval to the settlement of the Class Action in accordance with the Settlement Agreement and Release;

WHEREAS, Notice in the form approved by the Court has been sent to members of the class via first class United States Mail in accordance with the Settlement Agreement and the Court's Orders granting preliminary approval to the settlement of the Class Action;

WHEREAS, 96 class notices were returned to Defendant by the postal service as undeliverable and class counsel has undertaken reasonable and diligent efforts to trace those class member's current addresses and forward the notice of settlement; and

WHEREAS, after receiving the notice, no (0) class members objected to the settlement terms, no class member's entered an appearance, and four (4) class members elected to exclude themselves from the settlement.

NOW, THEREFORE, it is hereby ORDERED:

1. This Order hereby incorporates by reference the definitions set forth in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court hereby finds that all requirements of Fed.R.Civ.P.23 are satisfied and certifies for settlement purposes the Class defined in the Settlement Agreement pursuant to Fed. R.Civ.P. 23. In that context, the Court makes the following specific findings. The Class is sufficiently numerous. Common questions of law and fact regarding the contested flood certification fee split practices exist. Plaintiff Randy Lang, having been charged a flood certification fee by Defendant in the same manner as other borrowers, presents claims that are typical of the class.

Plaintiff is an adequate representative for the class having no apparent interests adverse to the class. Barry Reed and Hart Robinovitch of Zimmerman Reed P.L.L.P. are found to be adequate class counsel. Common issues of law and fact predominate over individual issues regarding the contested fee split practices. Proof or disproof of these issues at trial would be based on common law and facts applicable to each class member's transaction. A class action is the superior method of proceeding as opposed to numerous individual actions by class members, given the relatively modest damages each class member suffered and the common method of proof.

3. The Court finds that the distribution of the approved Notice and the Claim Form by First Class Mail provided the best notice practicable under the circumstances and constituted due and sufficient notice to all members of the Settlement Class. The Court finds that the four exclusions from the class do not weigh against approval of the settlement. As no objections to the settlement were received after Notice was sent, the Court finds that the class has endorsed the settlement.

4. The Court hereby approves the Settlement Agreement and the terms set forth therein as being fair, reasonable, adequate and in the best interests of the Settlement Class. The relief awarded each class member adequately and fairly compensates them for their alleged loss. Additionally, injunctive relief in the Settlement assures that class members and future mortgagors will not continue to be harmed in the manner alleged.

5. The amount of attorneys fees agreed to by the parties in the Settlement Agreement ($25,000) and petitioned for by class counsel for their work, effort, risk, and out of pocket expense litigating this action on behalf of the class, resulting in the common fund of benefits described in the Settlement Agreement, is approved. Defendant shall pay this sum in accordance with the terms of the Settlement Agreement.

6. An award of $1,000 to the class representative, Randy Lang, for her time, effort and risk bringing this action on behalf of the class, resulting in a common fund of benefits for the class, is approved. Defendant shall pay this sum in accordance with the terms of the Settlement Agreement.

7. Judgment is entered on the Settled Claims and dismissing with prejudice the action. This judgment constitutes a release and bar of the assertion of all Settled Claims. All Settlement Class members, whether or not they file a Claim Form, are barred from asserting any Settled Claims, as defined in the Settlement Agreement, against the Released Parties, as defined in the Settlement Agreement, and any such Settlement Class member is conclusively deemed to have released any and all such Settled Claims against the Released Parties. In addition to the entry of Judgment, receipt by members of the Settlement Class of benefits from the Settlement Fund also evidences and constitutes a full and final release of all Settled Claims.

8. All members of the class who did not timely request exclusion from the Settlement Class in writing by October 12, 2000 are barred from doing so and are enjoined from prosecuting Settled Claims against the Released Parties. All class members who did not make an objection by October 12, 2000 in the manner provided for in the Order Preliminarily Approving this Settlement are deemed to have waived such objection and are forever foreclosed from making any objection to the fairness or adequacy of the Class Action Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and costs to Plaintiffs' counsel.

9. All reasonable costs incurred in identifying and notifying class members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. All unclaimed monies from the Settlement Fund shall be retained by Town & Country.

10. The Court retains jurisdiction to consider all further applications arising out of or connected with the Class Action Settlement.

IT IS SO ORDERED.

DATED: November 9th, 2000

James M. Rosenbaum
United States District Judge

Lang v. Town & Country Credit
Cv. 00-243